IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORNA DORRELL,

      Plaintiff,                        No. CIV S-09-0112 EFB

     vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.                  ORDER
_____/

      Pending before the court is plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Plaintiff seeks fees based on 1.25 hours in 2008 at the rate of $172.85 per hour for attorney time, 1.1 hours in 2009 at the rate of $172.24 per hour, and 42.65 hours in 2010 at the rate of $172.24 per hour, for a total amount of $7751.49. Dckt. No. 30. Defendant agrees that plaintiff is entitled to EAJA fees and does not object to plaintiff's hourly rate, but contends that (1) the amount of hours plaintiff has claimed is unreasonable, and (2) any EAJA fee award should be made payable to plaintiff and not to plaintiff's counsel. Dckt. No. 31 at 2, 4.

I.    <u>Reasonableness of Fees Sought</u>

      An EAJA fee award must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the court considers the hours expended,

1

the reasonable hourly rate, and the results obtained. *See Commissioner, INS v. Jean*, 496 U.S. 154 (1990); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Atkins v. Apfel*, 154 F.3d 986 (9th Cir. 1998). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government. *Hensley*, 461 U.S. at 434. An award of fees should be properly apportioned to pursuing the stages of the case in which the government lacked substantial justification." *Corbin*, 149 F.3d 1053; *Flores*, 49 F.3d at 566-71.

Here, defendant does not object to plaintiff's hourly rate but contends that the number of hours expended by plaintiff's counsel is unreasonable. Specifically, defendant argues the number of hours claimed is excessive in light of the experience of plaintiff's counsel and the fact that defendant stipulated to remand the action for further proceedings. Dckt. No. 31 at 2-4. Defendant contends that "[p]laintiff seeks fees for over a week of work (42.65) and over $7,000.00 in a case where the ALJ committed an obviously reversible error" and that "[o]nce the Commissioner discovered this obvious and plainly reversible error, he acted reasonably and sought voluntary remand." *Id.* Defendant contends that "spending over a full week of work is an unreasonable amount of time to spend on one document in a case with an obviously remandable ALJ error," and that "[p]laintiff should be compensated for no more than 8 hours for drafting the Motion for Summary Judgment and accompanying Memorandum, which would have successfully garnered a remand had Counsel merely directly pointed out the [clearly reversible error]." *Id.*

In reviewing the transcript, plaintiff's extensive briefing on the motion for summary judgment and the subsequent stipulated order granting remand in this case, and the time expended on tasks as set forth in plaintiff's schedule of hours, the court has determined the hours claimed are reasonable. Plaintiff's counsel paid close attention in reviewing the administrative record as evidenced by the fifteen pages of summary set forth in the opening brief. Dckt. No. 21.

////

Moreover, the stipulated order of remand required the Commissioner, on remand, to reconsider the medical opinion evidence and otherwise develop the record "as needed." Dckt. No. 28. With respect to the amount of time claimed by counsel, the court also notes counsel did not represent plaintiff at the administrative level and had to become familiar with the case, which included a very lengthy administrative transcript. Although defendant contends that plaintiff's counsel should not have spent so much time drafting her summary judgment motion in light of the obvious and plainly reversible error, plaintiff's "[c]ounsel would be remiss in not engaging in a thorough review of the record simply because a single, easily identifiable issue exists upon which to remand the action. It is certainly reasonable for counsel to completely review the file prior to [filing a summary judgment motion], and such a review is not 'excessive, redundant, or otherwise unnecessary.'" *M.V. v. Astrue*, 2010 WL 2465440, at * 2 (E.D. Cal. June 15, 2010) (quoting *Hensley*, 461 U.S. at 434).

Furthermore, the "expertise of plaintiff's counsel does not make the hours expended unreasonable." *Patterson v. Apfel*, 99 F. Supp.2d 1212, 1213 (C.D. Cal. 2000). "Social security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail." *Id.* Here, the brief submitted by plaintiff's counsel was thorough and evidenced such attention to detail.

The court has scrutinized closely the hours claimed by counsel and finds no reason to believe they are inflated. Counsel therefore will be paid for the claimed hours of attorney time spent in the prosecution of this action.

II.     Payment to Plaintiff or Plaintiff's Counsel

Defendant further contends that any award under EAJA must be made payable to plaintiff, not to plaintiff's counsel. Because plaintiff did not file a reply brief, plaintiff did not respond to this argument by defendant.

In *Astrue v. Ratliff*, 130 S. Ct. 2521, 2522 (2010), the Supreme Court held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to

satisfy a pre-existing debt that the litigant owes the United States." In *Ratliff*, the plaintiff's counsel was successful in plaintiff's Social Security benefits suit against the United States. *Id*. Thereafter, the district court granted plaintiff's unopposed motion for fees under the EAJA. *Id*. However, before paying the fee award, the government discovered that plaintiff owed the United States a debt that predated the award, and accordingly, the government sought an offset of that owed amount. *Id*. Plaintiff's counsel intervened and argued that the fees award belonged to plaintiff's counsel, and thus was not subject to offset for the litigant's federal debts. *Id*. The Supreme Court disagreed, finding that "Congress knows how to make fee awards payable directly to attorneys where it desires to do so," and because the fee was payable to a "prevailing party," Congress intended the fee to go to the litigant, and not the attorney. *Id*. at 2527-29.

In light of *Ratliff*, plaintiff, as the prevailing litigant, would normally be awarded the fees described above, subject to any offset for applicable government debts. However, plaintiff has assigned the right to receive the fees to her attorney, Dckt. No. 30-3, and defendant contends that "[i]f Plaintiff does not owe a federal debt that qualifies for offset, then payment may be made in the name of the attorney based on the Government's discretionary waiver of the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727." Dckt. No. 31 at 5. This Court finds defendant's position to be reasonable and will therefore permit payment to plaintiff's counsel provided plaintiff has no government debt that requires offset. *See Calderon v. Astrue*, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); *see also Castaneda v. Astrue*, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010) ("The Court concludes that in light of the assignment, the amount awarded herein, subject to any legitimate offset, should be paid directly to Plaintiff's counsel.").

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney's fees, Dckt. No. 30, is granted;

2. Plaintiff is awarded attorney's fees under the EAJA in the amount of $7751.49;

////

4

3. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2010 WL 2346547 (2010), any payment shall be made payable to plaintiff and delivered to plaintiff's counsel, unless plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that plaintiff does not owe a federal debt, the government shall accept plaintiff's assignment of EAJA fees and pay fees directly to plaintiff's counsel.

DATED: March 16, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE